UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| W. RYCKMAN CAPLAN | CIVIL ACTION |
| VERSUS | NO. 10-1996 |
| OCHSNER CLINIC, L.L.C., ET AL. | SECTION "L" (2) |

### ORDER & REASONS

Before the Court is Plaintiff's Motion for New Trial (Rec. Doc. 50). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.     BACKGROUND**

The facts of the case are set forth in the Court's Order and Reasons of June 30, 2011. Briefly, this suit arises out of an employment agreement between the Plaintiff, Dr. W. Ryckman Caplan, and Ochsner Clinic, LLC, Ochsner Health System, and Ochsner Clinic Foundation ("Ochsner" or "Defendants"). Plaintiff alleges that Ochsner solicited him and his colleagues to move their obstetrics/gynecology practice to an Ochsner-affiliated clinic with an offer of a guaranteed term of five years of employment and a $30,000 loan which would be forgiven after three years of employment.

However, when Ochsner presented written offers of employment, Plaintiffs' colleagues were offered the five year terms, but Plaintiff's proposed Professional Services Agreement guaranteed only one year of employment. After that one year, the agreement would automatically renew for additional one-year terms, but either Plaintiff or Ochsner could terminate the agreement without cause. The contract also included a merger or integration

clause:

> 19. <u>Entire Agreement; Amendment</u>
> This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and no amendment, alteration or modification of this Agreement shall be valid unless in each instance such amendment, alteration or modification is expressed in a written instrument duly executed by both parties.

(Rec. Doc. 1-2 at 16).[1] Plaintiff alleges that a representative of Ochsner assured him "not to worry" about the one-year term and that it was strictly a formality because Plaintiff was over sixty-five years old. Plaintiff signed the offer letter and Professional Services Agreement on May 21, 2008. His term of employment began on August 1, 2008.

After Plaintiff completed the year of employment guaranteed by the Professional Services Agreement, Ochsner terminated Plaintiff's employment without cause. Ochsner also withheld funds from Plaintiff's final salary payments for repayment of the $30,000 loan, which was not forgiven because Plaintiff had not worked three full years.

Plaintiff filed suit on July 15, 2010, alleging breach of the employment contract, detrimental reliance on Ochsner's representation that he was guaranteed employment for five years, and age discrimination. Ochsner answered and counter-claimed, alleging that Plaintiff breached the employment agreement by misrepresenting his malpractice history and performing medical procedures at a different facility while under contract with Ochsner.

Ochsner moved for summary judgment on Plaintiff's claims and on its own counter-

---

[1] The copy of the Professional Services Agreement attached as an exhibit to Defendants' motion for summary judgment omitted the page containing this merger clause. (Rec. Doc. 29-4). Accordingly the Court in its Order and Reasons analyzed the contract as one without a merger clause. Defendants have alerted the Court to the omission and to the complete Professional Services Agreement that was attached as an exhibit to Plaintiff's complaint. As will be explained below, the merger clause only reinforces the Court's ruling.

claims. On June 30, 2010, the Court issued an Order and Reasons granting the motion with respect to Plaintiff's claims and denying it with respect to Ochsner's counter-claims. Plaintiff opposed the motion by articulating a theory of detrimental reliance on Ochsner's alleged representations, made in negotiations and in connection with delivery of the written offer, that the one-year term was a mere formality and that Plaintiff would be employed for five years. However, in light of the unambiguous language allowing termination without cause after one year of employment, the Court granted summary judgment on Plaintiff's claims because any reliance on the contradictory representations was unreasonable as a matter of law. The Court denied summary judgment on Defendants' counter-claims.

## II.   PRESENT MOTION

Plaintiff now seeks reconsideration of the Order and Reasons granting summary judgment.[2] He contends that the cases the Court relied on are distinguishable because Ochsner's alleged representations were made before the contract was executed specifically to induce Plaintiff to sign. Ochsner responds that whether the alleged representations were made before or after the contract was executed is immaterial and that reliance on any representations contradicted by the unambiguous, fully-integrated contract.

## III.   LAW & ANALYSIS

### A.   Standard

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to

---

[2]Plaintiff styled his motion as one for a new trial, but the Court will construe it as a motion for relief pursuant to Federal Rule of Civil Procedure 59(e).

raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. U. Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *see also In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (listing grounds for reconsideration under Rule 59(e) as "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice"). "A district court has considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

**B.** **Analysis**

Plaintiff argues that the Court erred in holding that his alleged reliance was unreasonable as a matter of law. A cause of action for detrimental reliance originates with the Louisiana Civil Code:

> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

La. Civ. Code art. 1967. "Detrimental reliance requires (1) a representation by conduct or word, (2) justifiable reliance on the representation, and (3) a change in position to the plaintiff's detriment as a result of the reliance." *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). Detrimental reliance "usually functions when no written contract or an unenforceable contract exists between the parties." *Id.* "It is difficult to recover under the theory of detrimental reliance, because such a claim is not favored in Louisiana." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007). "Detrimental reliance claims must be examined carefully and strictly." *Id.*

Whether a party reasonably relied on a representation is usually a question of fact.  *See id.*  But on several occasions the Fifth Circuit has applied Louisiana law and found reliance on extra-contractual representations to be unreasonable as a matter of law because the representations were inconsistent with an unambiguous fully-integrated written contract.  *E.g.*, *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 565-66 (5th Cir. 2005); *Bethea*, 376 F.3d at 403-04; *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1329-30 (5th Cir. 1994); *see also Bank of Louisiana v. Aetna U.S. Healthcare, Inc.*, 571 F. Supp. 2d 728, 735-36 (E.D. La. 2008), *aff'd* 326 F. App'x 321 (5th Cir. 2009).

Here, the Professional Services Agreement unambiguously states that the guaranteed term of employment is only one year, after which either party could terminate the Professional Services Agreement without cause.  On that basis, the Court granted summary judgment in favor of Defendants because any reliance on an oral representation to the contrary was contradicted by the unambiguous terms of the contract and unreasonable as a matter of law.  In connection with this motion for reconsideration, Defendants have drawn to the Court's attention that the agreement also contained an integration clause which stated as follows:

> This Agreement constitutes *the entire agreement between the parties* with respect to the subject matter hereof, and *no amendment, alteration or modification of this Agreement shall be valid unless in each instance such amendment, alteration or modification is expressed in a written instrument* duly executed by both parties.

(Rec. Doc. 1-2 at 16) (emphasis added).  Thus, the contract in this case was both unambiguous and fully integrated, which reinforces the Court's original reasoning and makes *Bethea* and the authority cited therein even more apposite.

Plaintiff now argues that the Court erred by failing "to distinguish representations made to *induce* one to enter into a contract, and which form the primary *cause* of entering into the

5

contract, from representations made in the contract itself and which do not form the primary cause for entering into the contract." (Rec. Doc. 50-1 at 2) (emphasis in original). He argues that throughout the negotiations Ochsner discussed five years of employment for Plaintiff's entire group, but that "when the negotiations had reached a high degree of refinement," Ochsner "changed the deal for Dr. Caplan at the 11th hour" and presented a Professional Services Agreement guaranteeing him only one year of employment. *Id.* at 3. Plaintiff argues that although the plain language of the contract guaranteed only one year of employment (and therefore did not guarantee that he would have an opportunity to work three years and obtain forgiveness of the $30,000 loan), he reasonably relied on representations up to that point that he would be guaranteed five years employment. He also emphasizes his allegation that he asked about the one-year term in the contract before he signed it, and was specifically told "not to worry about it."

Plaintiff cites the Fifth Circuit's statement in *Bethea* that courts applying Louisiana law "have found unreasonable reliance as a matter of law ... when a plaintiff relies on a representation that is clearly not intended to bind the defendant or induce the plaintiff into reliance." 376. F.3d at 405 (citing *Miller v. Loyola Univ. of New Orleans*, 829 So. 2d 1057, 1062 (La. Ct. App. 2002)). The *Miller* case involved a law student who sued his school alleging dissatisfaction with his legal profession course and claiming detrimental reliance on the course description. 829 So. 2d at 1058. The Court of Appeal held that reliance on the course description was unreasonable as a matter of law because course descriptions "are not contractual provisions that bind the school to teach exactly what is written in the description." *Id.* at 1062. But *Miller* did not involve a written contract at all and is not apposite. Neither *Bethea* nor *Miller*

stand for the proposition that a plaintiff may reasonably rely on a representation intended to induce reliance, when that representation is directly contradicted by the unambiguous language of a fully-integrated written contract executed by the parties.

On these facts, the timing of the representations is a distinction without a difference. As noted above, detrimental reliance is not favored by Louisiana law and the Court must examine the claim strictly. *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d at 334. Moreover, detrimental reliance generally applies when there is no written contract memorializing the agreement between the parties. *See Bethea*, 376 F.3d at 403. Plaintiff claims to have relied on a representation that he was guaranteed five years of employment, when the fully-integrated written contract he signed unambiguously guaranteed only one year of employment. Pursuant to Fifth Circuit authority binding on this Court, that reliance was unreasonable as a matter of law. The Court did not err in granting summary judgment and reconsideration is not warranted.

## IV. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Plaintiff's motion is DENIED.

New Orleans, Louisiana, this 17th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE